UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LMN MORTGAGE FUND I, LTD, *et al*, | § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-06-2563 |
| | § | |
| CARLOS T ATALAY, *et al*, | § § | |
| Defendant. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the court is a motion to amend or alter this court's decision to remand this case. Doc. 10. The Defendants assert that they may remove this case on the basis of 28 U.S.C. § 1443(1) because the relevant state statutes and local court rules "do not actually allow defendants an opportunity to fully and adequately to defend themselves when sued;" Doc. 1 at 1-2, ¶3. They also allege that "the Defendants are subject to invidious racial and/or ethnic discrimination because of their Hispanic surname and ethnic identity." Id. at 2, ¶3.

Section 1443(1) provides that "civil actions … commenced in a State court may be removed by the defendant to the district court of the United States" if filed "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the *equal civil rights* of citizens of the United States, or of all persons within the jurisdiction thereof[.]. Id. (emphasis added). The statute does not mention due process rights.

More than thirty years ago, the Supreme Court of the United States explained the limited scope of § 1443(1):

> Our most recent cases construing § 1443(1) … established that a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory

> provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.

*Johnson v. Mississippi,* 421 U.S. 213, 219-220 (1975) (citations omitted).

Thus, defendants invoking § 1443(1) as the basis for their removal of the case against them must show that the state courts are incapable of enforcing the defendants rights to receive equal protection of the law.  It is not enough that the defendants show that the state courts probably will not, at trial, grant them equal protection of the law.

In this case, the Defendants argue that they were denied due process because they did not receive proper notice of a hearing.  Doc. 5, at 2, ¶6.  Upon the motion to remand, they abandoned their claim of racial discrimination.  However, even in their initial notice of removal the Defendants did not allege that Texas state courts *cannot* offer them the equal protection of the law.  Instead, they argue only that it is unlikely that they will do so.  *Johnson* forbids the removal of such cases.

Furthermore, the Defendants' other claims regarding due process are plainly foreclosed by the *Johnson* decisions requirement that the basis of removal be only a claim of racial discrimination.

Accordingly, the Defendants' motion is DENIED.  Doc. 10.

SIGNED at Houston, Texas, this 5th day of October 2006.

Melinda Harmon
United States District Judge